UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
New Orleans Division

| | | |
|---|---|---|
| **JEFFREY MARTIN DOUCETTE** | * | **CIVIL ACTION NO.** |
| Plaintiff | * | |
| | * | SECTION " " |
| versus | * | |
| | * | MAG. JUDGE ( ) |
| **CARDINAL HEALTH INC. d/b/a** | * | |
| **CARDINAL HEALTH OF** | * | |
| **NEW ORLEANS** | * | |
| Defendant | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

The Complaint of the Plaintiff, Jeffrey Martin Doucette ("Doucette" or "Plaintiff"), respectfully represents:

### JURISDICTION

**1.**

This is an action for declaratory and other equitable and legal relief based on the defendant's violations of the Americans with Disabilities Act ("ADA") and Family Medical Leave Act ("FMLA"). The Court has jurisdiction under 42 U.S.C. § 12117 (incorporating 42 U.S.C. § 2000e-5(f)(3)), 29 U.S.C. §§ 2617(a)(2) and 1132(e), and 28 U.S.C. §§ 1331 and § 2201. Plaintiff also invokes the Court's supplemental jurisdiction over related claims under Louisiana law.

1

## PARTIES

**2.**

Plaintiff is a person of the full age of majority, domiciled within the Eastern District of Louisiana.

**3.**

Cardinal Health, Inc., d/b/a Cardinal Health of New Orleans ("Cardinal" or "defendant") is a foreign corporation, domiciled in Ohio, with its principal place of business in Dublin, Ohio, which is in good standing and authorized to do, and currently doing, business in the State of Louisiana, that formerly employed Plaintiff, and which employs more than 50 employees.

## VENUE

**4.**

Venue lies in this Court as the unlawful practices and other actions made the basis of this suit occurred within the Eastern District of Louisiana.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

**5.**

The New Orleans Regional Office of the Equal Employment Opportunity Commission ("EEOC"), pursuant to the request, and on behalf, of Plaintiff, issued a Charge of Discrimination ("Charge"), bearing EEOC Charge No. 461-2014-00785 against defendant, Cardinal.

**6.**

The EEOC subsequently issued a Dismissal and Notice of Rights ("RTS") on May 19, 2014, which was received by Plaintiff on or about May 23, 2014, notifying Plaintiff of his right to file a civil action in federal court against defendant. This lawsuit is thus timely, as it has been filed within 90 days of Plaintiff's receipt of the RTS letter.

## FACTS

**7.**

Plaintiff reavers, and incorporates herein by reference, *in globo* and *in extenso*, the factual allegations contained in the Charge he filed with the EEOC, as well as the facts and information contained in his EEOC file, including but not limited to his Intake Questionnaire.

**8.**

At all times relevant to this lawsuit, Plaintiff was a full-time employee of defendant, who suffered three (3) strokes and resultant stroke-related conditions, while employed with defendant, and still has stroke-related conditions. Despite suffering these strokes and stroke-related conditions, which were known to defendant, Plaintiff was denied reasonable accommodations, subjected to disparate treatment, excluded from and denied equal benefits to Plaintiff because of his known disabilities and/or because of his perceived disabilities, and subjected to retaliation because of his known disabilities and/or perceived disabilities, all in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* which prohibits discrimination and retaliation in employment on

the basis of having, and/or being perceived as having, a disability.  Moreover, defendant unlawfully terminated Plaintiff from employment due, *inter alia*, to his actual and/or perceived disabilities, and in retaliation for complaining about being subjected to disparate treatment based on, *inter alia,* his actual and/or perceived disabilities, and thus violated the ADA.

**9.**

At all relevant times, Plaintiff was eligible for, and/or was using, FMLA leave and related protections, but was denied the full use thereof, and retaliated against for requesting and/or using said leave and/or protections, including the unlawful truncation of Plaintiff's period of eligibility for FMLA leave, the termination of his FMLA and employment prior to the expiration of his period of entitlement to said FMLA leave, and/or in retaliation for requesting, using, and complaining about unlawful treatment regarding his full compliment of FMLA leave.

**First Claim:**
**Violation of the Americans with Disabilities Act**
**10.**

By subjecting Plaintiff to disparate treatment, by refusing to reasonably accommodate Plaintiff, by retaliating against Plaintiff, and then by terminating him, because of his known and/or perceived disability (stroke and stroke-related conditions), defendant unlawfully discriminated against Plaintiff in violation of the ADA.

**11.**

Defendant's conduct was performed with malice or reckless indifference to Plaintiff's federally protected rights.

### Second Claim:
### FMLA Violation
### 12.

Defendant interfered with, restrained, and/or denied Plaintiff the ability to fully exercise all his rights under the Family Medical Leave Act ("FMLA"), including the right to take up to 12 workweeks of leave during successive 12-month periods in order to care for his serious health condition, and also subjected him to retaliation for attempting to secure leave and other protections of the FMLA, using said FMLA leave and protections, and/or complaining about not being able to fully use said FMLA leave and protections, in violation of 29 U.S.C. § 2615(a)(1).

### 13.

Defendant's conduct was performed with malice or reckless indifference to Plaintiff's federally-protected FMLA rights.

**WHEREFORE** Plaintiff prays that, after due proceedings, there be judgment in his favor and against Cardinal:

(1)   declaring that the actions of defendant violated plaintiff's rights under the Americans with Disabilities Act and Family and Medical Leave Act;

(2)   awarding such equitable and legal relief to which the law and facts entitle the plaintiff, including but not limited to backpay; frontpay; lost benefits; reimbursement of all out-of-

pocket medical expenses; liquidated damages under the Family and Medical Leave Act; compensatory and punitive damages under the Americans with Disabilities Act; pre- and post-judgment interest; reasonable attorney's fees; and costs.

Respectfully submitted,

/s/ John O. Pieksen, Jr.
John O. Pieksen, Jr., (LA Bar # 21023)
John Pieksen & Associates, APLC
829 Baronne Street
New Orleans, LA   70113
Office:         (504) 581-9322
Facsimile:    (504) 581-1912
jpieksen@cox.net
**Attorney for Plaintiff, Jeffrey Martin Doucette**

**SERVICE:**
Plaintiff will issue Notice of Lawsuit and
Request For Waiver of Citation and
Acceptance of Service